**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1663-24

PETER FALOTICO,

    Plaintiff-Appellant,

v.

MV REALTY PBC, LLC, MV
REALTY OF NEW JERSEY, LLC,
MV BROKERAGE OF NEW
JERSEY, LLC, MV REALTY NJ,
LLC, AMANDA J. ZACHMAN,
DAVID MANCHESTER,
ANTHONY MITCHELL a/k/a
TONY MITCHELL, and DAVID
REINER,

    Defendants-Respondents,

and

PASHMAN, STEIN, WALDER,
HAYDEN, PC, and
DORIS CHEUNG, ESQ.,

    Defendants.

_____

Argued March 24, 2026 – Decided May 6, 2026

Before Judges Sumners and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-2841-23.

Daniel P. Silberstein (Daniel P. Silberstein, PC) argued the cause for appellant.

Sean T. O'Neill (Saul Ewing LLP) argued the cause for respondents (Sean T. O'Neill, of counsel and on the briefs; Samuel E. Bordoni-Cowley, on the briefs).

PER CURIAM

Plaintiff Peter Falotico entered into a Homeowners Benefit Agreement (HBA) designating defendant MV Realty of New Jersey, LLC as the exclusive listing agent to sell his Egg Harbor Township home (property) in exchange for a $943 promotional fee. The HBA took effect January 15, 2021, and "continu[ed] through the earlier of (a) the date that the Property is sold in a fair and good faith transaction and the Commission is paid to MV Realty; and (b) the date that is forty (40) years after the Effective Date." The HBA bound any "successors in interest to title to the Property" to plaintiff's "obligations as set forth in [the HBA]." It provided that if plaintiff "fail[ed] to perform any of [the] obligations under th[e] [HBA], . . . for example, entering into any Prohibited Engagements, or . . . an Early Termination Event occur[red]," he would have to pay the "Early Termination Fee." The HBA defined "prohibited engagement[]"

2

as "engaging, hiring or employing in any way any other real estate brokerage, licensed broker or sales agent . . . includ[ing] listing the Property as 'for sale by owner' through a third-party service." The early termination fee allowed MV Realty, at its discretion, to calculate the fee as either three percent of the property's value as of the effective date ($314,420), or three percent of the value of the property at the time of plaintiff's breach of the HBA—whichever was greater. The HBA also contained an arbitration clause, the details of which need not be discussed to resolve this appeal.

Plaintiff later listed the property with another realtor, claiming MV Realty failed to respond to his numerous requests to list the property. In October 2021, MV Realty sued plaintiff in the Law Division seeking a court "[o]rder imposing an [e]quitable [l]ien in favor of MV [Realty] against [plaintiff's home]," and an order awarding MV Realty reasonable fees and costs. After plaintiff paid MV Realty a $6,620 early termination fee, MV Realty dismissed the action. Neither party sought to move the dispute to arbitration.

In September 2024, plaintiff filed a first amended complaint against MV Realty as well as MV Realty PBC, LLC, MV Brokerage of New Jersey, LLC, MV Realty NJ, LLC, Amanda J. Zachman, David Manchester, Anthony Mitchell, David Reinder, Pashman, Stein, Walder, Hayden, PC, and Doris

3

Cheung (collectively defendants) alleging: (1) professional malpractice against MV Realty's attorneys; (2) violations of the Consumer Fraud Act (CFA) against all defendants; (3) civil conspiracy; (4) slander of title; (5) malicious abuse of process; (6) fraud; (7) CFA violations against only MV Realty defendants; (8) CFA per se violations against MV Realty defendants; and (9) breach of contract against MV Realty defendants.

Defendants moved to dismiss the complaint with prejudice and to compel arbitration. Plaintiff responded with a summary judgment motion as to the second count of his complaint—violation of the CFA by all defendants. In January 2025, the trial court issued an order and written decision compelling arbitration and denying the summary judgment motion without prejudice pending the outcome of arbitration because it did not have subject matter jurisdiction over the issues raised in plaintiff's complaint. Plaintiff appealed.

In the meantime, over a year before this suit was filed, the State of New Jersey, in June 2023, filed a Chancery Division complaint (the State action) against MV Realty PBC, LLC; MV Realty of New Jersey LLC; Amanda J. Zachman; David Manchester; David Reiner; and Antony Mitchell alleging, among other things, that the defendants, using HBAs, engaged in unconscionable commercial practices in violation of the CFA. In August 2025,

A-1663-24

the Chancery judge granted the State partial summary judgment, determining that the HBAs were "procedurally and substantively unconscionable" and issued an order enjoining the defendants, among other things, from: (1) enforcing any HBAs entered into with a New Jersey consumer; (2) entering into new HBAs; (3) representing to anyone that the defendants held any enforceable property interest; and (4) filing any lis pendens or memorandums.[1]

Two months later, the parties entered into a final consent judgment on October 31, 2025, providing, in relevant part, that the defendants shall not: (1) "enforce any HBA entered into with a New Jersey Consumer"; (2) enter into any new HBAs with a New Jersey Consumer; (3) "assert or represent . . . that [the] [d]efendants hold any enforceable property interests"; (4) "file or cause to be indexed a lis pendens on any New Jersey Consumer's property subject to an HBA"; (5) record a "[m]emorandum of [HBA] or any other document which provides public notice of an HBA . . . or clouds title . . . ." Defendants agreed to a $2,844,122 settlement amount, which comprised a civil penalty of

---

[1] On September 2, 2025, we granted defendants' motion to stay the order granting summary judgment "for 30 days from the date of this order to allow movants the opportunity to determine the impact of State of New Jersey, et al. v. MV Realty PBC, LLC, et al., Docket No. ESX-C-000080-23 on [this] appeal."

A-1663-24

$1,500,000 and consumer restitution of $1,344,122. Importantly, the consent judgment provided that "private rights of action" are not "[r]eleased [c]laims."

Because the parties' merits briefs were submitted before the consent judgment was entered in the State action prohibiting the defendants from enforcing any HBA with a New Jersey consumer, we directed the parties to submit supplemental letter briefs addressing how, if at all, this prohibition affects the question of arbitrability in the present matter. Defendant contends that, due to the consent judgment, the HBA plaintiff signed is "no longer enforceable, and . . . the trial court no longer lacks [subject matter] jurisdiction" and can decide the merits of plaintiff's claims. Defendant thus seeks a remand to the trial court. Plaintiff contends "[we] need not decide how the [c]onsent [j]udgment might affect hypothetical future disputes unrelated to the HBA or its lien." Plaintiff's submission did not address whether we should remand to the trial court to decide his summary judgment motion and other issues raised in his complaint. At oral argument, he maintained we should decide the summary judgment motion. Defendant disagreed, contending the trial court should decide the summary judgment motion.

The sole issue before us is whether the trial court erred in granting defendants' motion to compel arbitration based on the HBA's arbitration clause.

A-1663-24

The issue is now moot because MV Realty no longer seeks to enforce the HBA's arbitration clause. See Redd v. Bowman, 223 N.J. 87, 104, (2015) (quoting Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 221-22, (App. Div. 2011)) ("An issue is 'moot when our decision sought in a matter, when rendered, can have no practical effect on the existing controversy.'"). Defendants concede the HBA's arbitration clause is no longer enforceable due to the consent judgment it reached with the State. Thus, we reverse the court's order compelling arbitration and remand for the court to determine plaintiff's summary judgment motion.

The court denied the summary judgment motion without prejudice on the premise that it did not have subject matter jurisdiction over plaintiff's claims because the parties' dispute should be resolved through arbitration. The motion is now ripe for the court's consideration as MV Realty agrees not to enforce the arbitration clause. We take no position on the motion and leave it to the court's discretion to allow for further briefing and argument. Remand should be completed within forty-five days.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-1663-24